J. S28012/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                         :           PENNSYLVANIA
                     v.             :

LUIS E.E. ANDUJAR,             :         No. 1026 EDA 2013
                                   :
              Appellant     :


Appeal from the PCRA Order, April 9, 2012,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0002941-2007


BEFORE: FORD ELLIOTT, P.J.E., LAZARUS AND PLATT,* JJ.


JUDGMENT ORDER BY FORD ELLIOTT, P.J.E.:**FILED MARCH 18, 2016**

Luis E.E. Andujar filed a petition for allowance of appeal with our supreme court from our unpublished memorandum affirming the trial court order denying his first petition brought pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. The Supreme Court of Pennsylvania remanded for further proceedings consistent with ***Montgomery v. Louisiana***, ___ U.S. ___, 136 S.Ct. 718 (2016). Accordingly, we reverse and remand for resentencing.

On October 15, 2007, a jury found appellant guilty of first-degree murder and related charges. Thereafter, appellant was sentenced to an aggregate term of life imprisonment. On January 7, 2009, this court affirmed the judgment of sentence, and on July 7, 2009, our supreme court

---

* Retired Senior Judge assigned to the Superior Court.

denied appeal. *Commonwealth v. Andujar*, 968 A.2d 785 (Pa.Super. 2009), *appeal denied*, 980 A.2d 109 (Pa. 2009).

On November 9, 2009, appellant filed his first PCRA petition, *pro se*, in which he raised ineffective assistance of counsel and sentencing claims. The PCRA court dismissed the petition on April 9, 2012, and no appeal was taken. On June 25, 2012, the United States Supreme Court subsequently handed down *Miller v. Alabama*, ___ U.S. ___, 132 S.Ct. 2455 (2012), which held that sentencing a person who was a juvenile at the time of the offense to a mandatory term of life imprisonment without parole for homicide violated the Eighth Amendment's restriction on cruel and unusual punishment.

On August 14, 2012, appellant filed his second PCRA petition, *pro se*, raising *Miller*. Counsel was appointed and an amended petition was filed. On March 23, 2013, with the agreement of appellant and the Commonwealth, the PCRA court reinstated appellant's right to appeal, *nunc pro tunc*, from the April 9, 2012 order dismissing his first PCRA petition. On appeal, we held that *Miller* did not apply retroactively based on our supreme court's decision in *Commonwealth v. Cunningham*, 81 A.3d 1 (Pa. 2013). *Commonwealth v. Andujar*, No. 1026 EDA 2013, unpublished memorandum (Pa.Super. filed July 8, 2014). Appellant petitioned our supreme court for an allowance of appeal on July 29, 2014. In light of the United States Supreme Court's recent decision in

***Montgomery***, the Pennsylvania Supreme Court remanded this case to this court for further proceedings consistent with ***Montgomery*** on February 11, 2016. ***See Commonwealth v. Andujar***, 2016 WL 593926 (Pa. 2016).

After the United States Supreme Court's holding in ***Montgomery***, ***Cunningham***'s tenet that ***Miller*** cannot be applied retroactively is no longer good law in Pennsylvania. ***See Commonwealth v. Secreti***, 2016 WL 513341 (Pa.Super. 2016) (interpreting ***Montgomery*** as making retroactivity under ***Miller*** effective as of the date of the ***Miller*** decision).

Here, the trial court sentenced appellant, who was a juvenile at the time of the offense, to a mandatory sentence of life imprisonment without the possibility of parole. In light of the United States Supreme Court's recognition in ***Miller*** that such a sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment, and the Court's recent retroactive application of ***Miller*** in ***Montgomery***, we reverse the trial court's order and remand for resentencing.

Order reversed. Remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/18/2016